Jítdge Owslet
delivered the opinion.
This ejectment was brought in the circuit tour! by the. tieirs of Lewis, to recover the possession of a turnpike gale,. On the public way, leading from the mouth of Triplet's creek, on Licking river, and from Wheeler’s mill on Lick-* ¡ng river, and from Lewis mill, on Fox’s creek, to the mouth of Big Sandy river.
The trial was had on the general issue, and verdict and Judgment recovered by Ringo, and a!, the defendants in that coart.
An instrument in writing' tho sealed should not be given in evidence unless proved by tiie subscribing witnesses,if they are within the jurisdiction of the court.
None but a tenjnt ⅛ entitled to noj tie.e to quit. it' . an intruder ,s not.
A lease for ye. rs is assets in the hands of die ad n’l's &,mav by t i i-ii be assigned, & if there be a plurality, the assignin':',', uf one binds the others.
The turnpike appears to have been established under aa act of the legislature of this country of the 2->th of Jan. uary, 1811, and by the commissioners therein .named, let to the ancestor of the plaintiffs for the term of twenty years; and on the trial in the circuit court, for thé purpos» of shewing themselves entitled to the possession, the de. fend,mts offered in evidence a sealed writing-, purporting to have been signed by the name of Moses Kibby for himself and Eliza Lewis, the administrators of the plaintiffs’ an. cestor, and transferring the turnpike gate to the defendant Duilt for the residue of the term, which bad not then ex. pired under the contract made by the decedent, with the commissioners appointed by the act of 1811: And not. withstanding the defendants objections, the writing wae permitted to go in evidence to the jury, without proof of its execution by the subscribing witness, although the subscribing witness was proven to reside within the jurisdiction of the court.
In that admission we are of opinion the circuit court erred. From the circumstance of the subscribing witness having attested the writing, he must be presumed to know the facts attending the transaction better than any stranger, and ought, upon settled rules of evidence, to have been introduced to prove its execution before the writing was permitted to be used in evidence.
After the evidence was gone through, the court instructed the jury, that the plaintiffs could not maintain their action unless the defendants Had six months notice to quit the possession of lite turnpike gate before the commencement of the ejectment.
This court are unable to perceive any application which the doctrine of notice to quit the possessson, can have to the present contest. If the writing admitted in evidence, were in fact executed bv the administrators, it is obvious-the action cannot be sustained by the plaintiff. The ancestor of the plaintiffs gained but a term for years in the gate under his contract with the commissioners; and that term, at his death, might, umpiestionably, be transferred by his administrators. It is true, the writing appears to be signed by Kibby, one of tlie administrators, for himself and bis co-„ administratrix, and Kibby may not have been specially authorized by his co administratrix to sign the writing for her. Bui it cannot be important whether, or not, he acted tinder a special authority from her; for, as joint admuiistra- *249 tors, they must be regarded in law as one person» and the act of either, in respect to the administration, it as valid as if it bad been the act of both.
But if the writing were not executed by either of the administrators, the defendant, Duitt, cannot have become tenant to them, and it is only in the case of tenancy, that notice to quit is ever necessary. The bill of exceptions States that suit has been brought to recover from the defendants, rent for the time they have held the possession of the gate, but that circumstance cannot make the defendants tenants if they were not otherwise so, nor can it require notice to quit, if the defendants were not otherwise entitled to it.
The judgment must, therefore, be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.